# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 16-58184-JWC |
| | : | |
| WILLIE CHARLES HUTCHINS, | : | CHAPTER 13 |
| | : | |
| DEBTOR. | : | |

## UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR RATIFICATION OF SETTLEMENT AND DISBURSEMENT OF FUNDS

Nancy J. Gargula, United States Trustee for Region 21 ("United States Trustee"), objects to the "Motion to Ratify Settlement Agreement, Disburse Proceeds and Retain Funds" (the "Motion"). [Dkt. No. 52]

### INTRODUCTION

1. Willie Charles Hutchins commenced this case on May 9, 2016, by filing a voluntary petition for relief under chapter 13 of the United States Bankruptcy Code. [Dkt. No. 1]

2. Mr. Hutchins is represented by Slomka Law Firm ("Slomka").

3. On May 19, 2021, Slomka filed the Motion through which Mr. Hutchins requests the Court ratify his unauthorized settlement of a personal injury claim; ratify special counsel's unauthorized disbursements, including the firm's compensation and expenses; and ratify Mr. Hutchins's receipt and use of net proceeds of $3,114.61.

4. The certificate of service shows the Motion was not served on the United

States Trustee.

5. Although the title of the Motion indicates it is a request to "disburse" funds and the text of the Motion indicates "Debtor seeks to have $3,884.75 in attorney fees disbursed to Special Counsel," the pleading later clarifies that "Special Counsel has already received its fee, prior to the filing of this Motion."

6. The United States Trustee does not oppose ratification of the unauthorized settlement of the personal injury claim.

7. The United States Trustee opposes ratification of the unauthorized payment of fees and expenses to special counsel, who settled the personal injury claim and disbursed the proceeds without Court authority, and who has not filed an appropriate application for compensation and reimbursement of expenses

8. The United States Trustee opposes ratification of the debtor's receipt and disbursement of the net proceeds.

OBJECTION TO SPECIAL COUNSEL'S FEES & EXPENSES

9. On November 8, 2018, Slomka filed an application for approval of the employment of Julian Sanders, Esq., of The Law Offices of Julian Sanders & Associates, LLC ("Sanders"), to represent Mr. Hutchins in connection with a "personal injury claim." ("Retention Application")[1] [Dkt. 41, Pg. 1]

---

[1] The Retention Application, which was not served on the United States Trustee, is deficient because neither the application nor counsel's verified statement lists the applicant's connections with the debtor, creditors, and other parties in interest, as required by Federal Rule of Bankruptcy

10. On February 13, 2019, the Court entered an order granting the Retention Application (the "Retention Order"). [Dkt. No. 44]

11. The Retention Order reminded Sanders "that any settlement of claims relating to the Matters is subject to approval of this Court after notice to creditors and an opportunity to be heard. See Fed. R. Bank. P. 9019, 2002(a). Therefore, neither Debtor, nor bankruptcy counsel for the Debtor is authorized to settle, compromise, or release any claims without the approval of this Court." [Dkt. No. 44, Pg. 2]

12. The Retention Order states that "compensation shall be paid to Special Counsel upon notice, hearing, and approval by the Court pursuant to 11 U.S.C. 330 and 331 and Bankruptcy Rule 2016 of an appropriately detailed application, copies of which shall be served on the Chapter 13 Trustee and United States Trustee."[2]

13. The Retention Order was served on Sanders. [Dkt. No. 45]

14. The Motion indicates a settlement was reached in April 2019. [Dkt. No 52, Pg. 4] The settlement statement attached to the Motion shows Sanders received $4,278.84 in fees and expenses, including a $350 "Administrative Fee" and $84.09

---

Procedure 2014. The Affidavit of Julian Sanders merely states: "Both myself and this law firm are disinterested parties and we have no adverse connections to WILLIE CHARLES HUTCHINS or his Chapter 13 Bankruptcy case."

[2] The Retention Order also notified Sanders "that contingency fee agreements are subject to scrutiny by the Court. Upon application for compensation, the Court may reduce the amount of compensation under a contingency fee agreement if such amount is unreasonable. Blanchard v. Bergeron, 489 U.S. 87 (1989). To facilitate review of any application for compensation, it should include either itemized entries or a narrative description of the services provided." [Dkt. No. 44, Pg. 2]

for "Benchmark Inv."

15. Sanders violated the Retention Order, which included specific instructions for prior court approval of any settlement, disbursement, and compensation. Sanders has not explained why he failed to comply with the Retention Order.

16. Sanders is, or should be, familiar with the statutes and procedures governing employment and compensation of professionals and approval of settlements. A CM/ECF query shows Sanders has acted as special counsel in other bankruptcy cases in the Northern District of Georgia.

17. Section 330 of the Bankruptcy Code provides that the Court may award compensation to "a professional person employed under section 327."

18. The Court may deny approval of special counsel's fees in light of the firm's failure to properly seek approval of the settlement of the claim and disbursement of the proceeds. See *In re Rosales and Lopez*, No. 17-10729, 2020 WL 6285311 (Bankr. D. Kan. Oct. 26, 2020) (disgorgement of fees appropriate in light of counsel's failure to comply with 11 U.S.C. §§ 329 and 330); *In re Fisher*, No. 16-1911, 2019 WL 1875366 (Bankr. S.D. Ala. Mar. 27, 2019) (fees denied to law firm that failed to demonstrate neglect was sufficiently excusable to justify untimely application for employment); *In re Earle*, No. 04-35070, 2007 WL 4117779 (Bankr. E.D. Tenn. November 16, 2007) (unauthorized settlement constituted blatant disregard of duties to client and violation of ethical obligations, warranting denial of

compensation); *In re Schissler*, No. 07-61319, 2007 WL 3254360 (Bankr. N.D. N.Y. Nov. 2, 2007) (law firm's willful violation of the automatic stay and failure to obey the retention order warranted disgorgement of fees); and *In re Alletto*, No. 07-30636 2010 WL 5124721 (Bankr. D. Conn. Dec. 8, 2010) (counsel ordered to turn over the amount of unauthorized payments).

19. The Court may also deny compensation and reimbursement of expenses to Sanders because the firm has not filed a proper application, as required by Federal Rule of Bankruptcy Procedure 2016(a) and the Retention Order.

## OBJECTION TO DISBURSEMENTS

20. The Motion discloses that special counsel tendered $3,114.61 to Mr. Hutchins.[3]

21. Mr. Hutchins states that he used the funds to make up for lost wages and pay for home repairs. [Dkt. 52, Pg. 4]

22. The Retention Order was served on Mr. Hutchins. [Dkt. No. 45]

23. Mr. Hutchins has not explained why he failed to comply with the Retention Order.

**WHEREFORE**, the United States Trustee requests the Court deny the Motion and grant other relief the Court determines necessary and appropriate.

---

[3] The Motion includes a photocopy of Mr. Hutchins's driver's license, which includes personal identification information. [Dkt. No. 52, Pg. 9]

Respectfully submitted,

NANCY J. GARGULA
UNITED STATES TRUSTEE
REGION 21

*s/ Jeneane Treace*
R. Jeneane Treace
Assistant United States Trustee
Georgia Bar No. 716620
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
(202) 236-0966
jeneane.treace@udoj.gov

CERTIFICATE OF SERVICE

NEF service pursuant to General Order 25-2018

I certify that on March 29, 2021, I will electronically file this pleading using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program. The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Lisa F. Caplan    lcaplan@rubinlublin.com, nbrown@rubinlublin.com;akhosla@rubinlublin.com;ruluecf@gmail.com;BKRL@ecf.courtdrive.com
- Howard P. Slomka    HS@ATL.law, myecfcalendar@gmail.com;myatllaw@gmail.com;info@myatllaw.com;notices@nextchapterbk.com;SlomkaTR74878@notify.bestcase.com;eisenlawfirm@gmail.com
- Nancy J. Whaley    ecf@njwtrustee.com

*s/ Jeneane Treace*
R. Jeneane Treace
Assistant United States Trustee
Georgia Bar No. 716620